IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| SHELBY CHISM, *et al.*, § | |
| *Plaintiffs*, § | |
| § | |
| v. § | No. MO:15-CV-00065-RAJ |
| § | |
| ARC PRESSURE DATA, INC., § | |
| *Defendant*. § | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' APPLICATION FOR AWARD OF ATTORNEY'S FEES, COSTS AND EXPENSES

BEFORE THE COURT is Plaintiffs Shelby Chism, Quatriel Hooker, James Smith, and Jesse Washington's (collectively, "Plaintiffs") Application for Award of Attorney's Fees, Costs and Expenses. (Doc. 45). A settlement has been reached between the Parties in this Fair Labor Standards Act ("FLSA") collective action. A hearing on Plaintiff's request for attorney's fees was held on August 10, 2016. Having heard oral argument and reviewed the Parties' submissions, the record, and the applicable law, Plaintiffs' Application for Award of Attorney's Fees, Costs and Expenses shall be **GRANTED** in part and **DENIED** in part. (Doc. 45). For the reasons described herein, the Court awards **$69,502.50** in attorney's fees and **$3,941.58** in taxable costs.

### I.    BACKGROUND

Plaintiffs filed this collective action on May 13, 2015, seeking to recover overtime compensation and other relief under the FLSA, 29 U.S.C. § 201 *et seq*. (Doc. 1). On July 20, 2015, Defendant Arc Pressure Data, Inc. ("Defendant") filed its Answer. (Doc. 6). Defendant provides services to oil and gas operators engaged in hydraulic fracking. (Doc. 45 at 2). Defendant's primary duties involve monitoring and regulating the pumps, gauges, and valves used to control movement of fluid in and out of gas wells. (*Id.*).

On September 30, 2015, Plaintiffs filed their First Amended Complaint adding Plaintiff Leroy Stitt to the lawsuit. (Doc. 11). Therein, Plaintiffs allege they were employed by Defendant as

Flowback Technicians. (*Id.* at 2–3). Further, Plaintiffs claim they "worked more than forty (40) hours per week." (*Id.* at 3–4). However, Defendant allegedly failed to pay Plaintiffs overtime compensation prior to February 1, 2014, "for any work performed exceeding forty (40) hours per week." (*Id.* at 4). On May 10, 2016, the Parties settled the underlying damages portion of this lawsuit at mediation. (Doc. 45 at 6). In addition, as part of the mediation, the Parties agreed to have this Court determine the total amount of fees and costs to which Plaintiffs are entitled. (*Id.*).

On June 10, 2016, the Parties filed their Joint Stipulation of Dismissal with Prejudice regarding Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 41. (Doc. 38). The Parties state this "case is not a class action and a receiver has not been appointed." (*Id.*). In addition, the Parties "stipulate that all matters of fact and things in controversy have been fully and finally compromised and settled by and between the Parties hereto." (*Id.*). Then, the "Parties further stipulate to the dismissal of the instant action with prejudice, each party to bear its own costs and fees." (*Id.*). Yet, the Parties request for the Court to determine "attorneys' fees due and owing to Plaintiffs' counsel, as per agreement between the parties." (*Id.*) (emphasis in original).

On July 28, 2016, Plaintiffs filed their Application for Award of Attorney's Fees, Costs and Expenses. (Doc. 45). Plaintiffs explain that during discovery, Defendant produced approximately 20,000 pages of time and pay records for Plaintiffs, which contained non-consecutive, duplicate spreadsheets. (*Id.* at 3). Further, Plaintiffs argue their discovery requests were resisted at every turn, resulting in multiple motions to compel, correspondence regarding the discovery disputes, as well as a motion for contempt. (*Id.*). Thus, Plaintiffs request the Court to award attorney's fees in the amount of $85,580, which is based on an hourly rate of $400 for Douglas Welmaker, $400 for David Langenfeld, $300 for Benjamin Michael and Bo Jones, and $250 for Chris Jeansonne. (*Id.* at 6).

On August 4, 2016, Defendant filed its Sealed Response to Plaintiffs' Application for Award of Attorney's Fees and Brief in Support. (Doc. 48). Defendant contends the amount of attorney's fees requested is excessive because: (1) the attorney's fees amount is far too high in light of the

2

settlement amount; and (2) Plaintiffs wasted time on unnecessary, duplicative, and at times premature discovery motions and deficiency letters. (*Id.* at 1). On August 8, 2016, Plaintiffs filed their Reply asserting that neither of Defendant's purported reasons for reducing the attorney's fees amount from $85,580 to $35,552 justify the more than 50% reduction in charges. (Doc. 49-1). On August 10, 2016, the Court held a hearing on this matter, which is now ready for disposition.

## II.   LEGAL STANDARD

Under the FLSA, a prevailing plaintiff is entitled to reasonable attorney's fees and costs. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing 29 U.S.C. 216(b)). To determine appropriate attorney's fees, courts in the Fifth Circuit multiply the reasonable hourly fee by the number of hours reasonably expended on the case to arrive at a "lodestar" figure. *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). After calculating the lodestar, the court considers whether the figure should be adjusted upward or downward by looking to twelve factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974).[1] *Saizan*, 448 F.3d at 800. The court, however, may not adjust the lodestar figure based on a *Johnson* factor already taken into account during the initial calculation. *Id.*; *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010).

The party seeking attorney's fees has the burden of establishing the reasonableness of the number of hours and rates billed, along with any entitlement to an upward adjustment. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *Perdue*, 559 U.S. at 552. "The most critical factor in determining an attorney's fee award is the degree of success obtained." *Saizan* 448 F.3d at 799 (5th Cir. 2006) (quoting *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003)).

---

[1] The twelve *Johnson* factors are: (1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases. *Johnson*, 488 F.2d at 717—19.

However, "in a lawsuit initiated under the FLSA an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount should be reduced." *Id.* (internal quotation marks and citations omitted). Furthermore, the court considers all of these factors while keeping in mind that it is common for FLSA attorney's fees awards to significantly exceed the amount the plaintiff recovers in unpaid wages. *See e.g. Howe v. Hoffman–Curtis Partners Ltd., LLP*, 215 F. App'x 341, 342 (5th Cir. 2007) (per curiam) (finding that "given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples," and upholding the district court's award of $129,805.50 in attorney's fees with damages of $23,357.30).

### III. DISCUSSION

Having determined that Plaintiffs are prevailing parties as to at least part of the claims in their Complaint, the Court must determine the amount of attorney's fees that is reasonable to award under the circumstances. Plaintiffs seek attorney's fees in the amount of $85,580.00, and costs of $3,941.58, for a total of $89,521.58. (Doc. 45-12 at ¶ 16).

#### A. Reasonable Hourly Rate

First, the Court must determine counsel's reasonable hourly rate on the basis of prevailing rates for attorneys of similar skill and experience in the relevant market. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). This rate is usually established through affidavits of other attorneys practicing in the relevant community. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The relevant community refers to "the judicial district in which the litigation occurred," which is the Western District of Texas in this case. *See Ramirez v. Lewis Energy Group, L.P.*, — F. Supp. 3d —, 2016 WL 4004706, at *2 (S.D. Tex. 2016).

Here, Plaintiff seeks an hourly rate of $400 for Douglas Welmaker, $400 for David Langenfeld, $300 for Benjamin Michael and Bo Jones, and $250 for Chris Jeansonne. (Doc. 45 at 6).

4

Douglas Welmaker graduated from South Texas College of Law in 1993 and has practiced law in Texas since November 1993. (Doc. 45-14). Mr. Welmaker is admitted to practice in Texas and the U.S. District Courts for the Northern, Southern, and Eastern Districts of Texas. (*Id.*). David Langenfeld graduated from Thomas M. Cooley Law School in 1992 and has practiced law in Texas since 1993. (Doc. 45-15). Mr. Langenfeld is admitted to practice in all state and federal courts in Texas as well as the United States Court of Appeals for the Fifth Circuit. (*Id.*). Mr. Langenfeld is board certified in labor and employment law. (*Id.*).

Benjamin Michael graduated from Loyola Law School in 2013 and has practiced law in Texas since February 2014. (Doc. 45-16). Mr. Michael is admitted to practice in Texas and the U.S. District Court for the Western District of Texas. (*Id.*). Bo Jones graduated from Baylor University School of Law in 1996 and has practiced law in Texas since 1997. (Doc. 45-17). Ms. Jones is admitted to practice in Texas state courts. (*Id.*). Chris Jeansonne graduated from Texas Tech University School of Law in 2011 and has practiced law in Texas since November 2011. (Doc. 45-18). Mr. Jeansonne is admitted to practice in all state and federal courts in Texas. (*Id.*).

In support of the hourly rates for their attorneys, Plaintiffs point to the declaration of Mr. Welmaker, which states: "a reasonable hourly rate for an attorney with similar experience and expertise as myself is $400.00 per hour" (Doc. 45-12 at ¶ 4); "David G. Langenfeld's rate of $400 an hour is reasonable" (*Id.* at ¶ 6); "Ben Michael's rate of $300 an hour is also reasonable" (*Id.* at ¶ 7); "Bo Jones' rate of $300 an hour is also reasonable" (*Id.* at ¶ 8); and "Chris Jeansonne's rate of $250 an hour is reasonable[.]" (*Id.* at ¶ 9). Additionally, Mr. Welmaker cites cases in which courts have found his hourly rate of $400 to be reasonable.[2] (*Id.* at ¶ 4). Mr. Welmaker and Mr. Langenfeld's hourly rate of $400 has also been approved by a recent court order in *Mauricio v. Phillip Galyen, P.C.*, No. 3:14-CV-64-L, — F. Supp. 3d —, 2016 WL 1273337 (N.D. Tex. Mar. 30, 2016). Further,

---

[2] *See e.g. Meesook v. Grey Canyon Family Medicine, PA*, No. 5:13-CV-729-XR, 2014 WL 5040133 (W.D. Tex. Oct. 8, 2014).

5

Plaintiffs rely on the declaration of another practitioner, Jeremi K. Young (Doc. 45-21), to provide additional evidence that "the hourly rates sought by Plaintiffs' counsel are reasonable and customary within the Western District of Texas[.]" (Doc. 45-12 at ¶ 10).

However, the hourly rates of Mr. Welmaker, Mr. Langenfeld, Mr. Michael, Mr. Jeansonne, and Ms. Jones are significantly higher than the median hourly rate of their peers. According to the 2013 State Bar of Texas hourly rate survey, the median hourly rate for attorneys with 21 to 25 years of experience, like Mr. Welmaker and Mr. Langenfeld, ranged from $188 to $304 in the relevant community.[3] The median hourly rate for attorneys with 16 to 20 years of experience, like Ms. Jones, ranged from $238 to $295 in the relevant community. The hourly rate for attorneys with 3 to 6 years of experience, like Mr. Michael and Mr. Jeansonne, ranged from $163 to $227 in the relevant community. Further, the median hourly rate ranged from $188 to $253 for 11-24 attorney firms and from $188 to $267 for labor-employment disputes.

Based upon this evidence and the Court's knowledge of rates in the relevant market, the Court finds the $400 hourly rate of Mr. Welmaker and Mr. Langenfeld is well above the prevailing rates in the relevant community and is not reasonable. Instead, the Court finds that $350 per hour is a reasonable hourly rate for attorneys with comparable experience to Mr. Welmaker and Mr. Langenfeld in the Western District of Texas. Further, the Court finds the $300 hourly rate of Ms. Jones is reasonable. However, the Court is of the opinion that the $300 hourly rate of Mr. Micheal is not reasonable. Rather, the Court finds that $250 per hour is a reasonable hourly rate for attorneys with comparable experience to Mr. Michael in the Western District of Texas. Finally, the Court concludes that Mr. Jeansonne's hourly rate of $250 is reasonable.

The breakdown in time charged at the modified hourly rates that this Court finds reasonable based on the relevant community is as follows: Mr. Welmaker billed 149.1 hours at the reduced

---

[3] STATE BAR OF TEXAS, 2013 HOURLY FACT SHEET (2013), https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=27264.

hourly rate of $350 for $52,185; Mr. Langenfeld billed 4.9 hours at the reduced hourly rate of $350 for $1,715; Mr. Jeansonne billed 19 hours at $250 for $4,750; Ms. Jones billed 51 hours at $300 for $15,300; and Mr. Michael billed 13.1 hours at the reduced hourly rate of $250 for $3,275. Accordingly, based on the lodestar analysis and reasonable hourly rates, the Court reduces the total amount of attorney's fees sought by Plaintiffs from $85,580.00 to $77,225.00.

**B.**     **Number of Hours Reasonably Expended on the Litigation**

The next step in the lodestar analysis is to determine the number of hours reasonably expended on the litigation. As part of the reasonableness inquiry, the fee applicant has the burden demonstrating the exercise of billing judgment. *Saizan*, 448 F.3d at 799. Billing judgment refers to the exclusion of hours that are excessive, redundant, or unproductive. *Id.* The remedy for a lack of billing judgment is a reduction in hours "by a percentage intended to substitute for the exercise of billing judgment." *Id.*

Here, Plaintiffs seek fees for roughly 237 hours. Defendant specifically objects to 17 of Plaintiffs' time entries, arguing that Plaintiffs pursued excessive, unnecessary, and duplicative discovery litigation and overstaffed the case. (Doc. 48 at 9). First, Defendant contends Plaintiffs expended an unreasonable amount of time on excessive discovery litigation, including unnecessary or duplicative motions, discovery requests and deficiency letters. (*Id.* at 7–8). Defendant requests the Court to deduct $3,200 charged in entries 57, 61 and 62 for the preparation and finalizing of Plaintiffs' first motion to compel because it "was filed prematurely and in error—Plaintiffs alleged Defendant produced no documents when it had." (*Id.* at 9). In addition, Defendant claims the $80.00 charged in entry 66 for a conference with Defendant's counsel regarding the first motion to compel should be deducted on the basis that this conference "should have been unnecessary because motion to compel was filed prematurely and in error." (*Id.*).

Plaintiffs filed their first Motion to Compel on January 29, 2016. (Doc. 17). On February 10, 2016, Plaintiffs filed a Notice of Withdrawal of the Motion to Compel since the Parties had come

7

"to a resolution of the issues set forth in Plaintiffs' Motion to Compel, as Defendants have agreed to produce documents and supplement discovery responses on or before February 19, 2016." (Doc. 18). The Court finds that Plaintiffs could have resolved this discovery dispute without court intervention by allowing Defendant additional time to respond to the discovery deficiency letters. Accordingly, the Court shall eliminate the following charges relating to Plaintiffs' first motion to compel: $1,560.00 recorded in entry 57; $600.00 recorded in entry 61; $1,040.00 recorded in entry 62; and $80.00 recorded in entry 66.

Next, Defendant argues that Plaintiffs should not be able to recover attorney's fees relating to serving a subpoena on Defendant's law firm, reviewing Defendant's motion to quash the subpoena, finalizing a response to the motion to quash, and review of Defendant's reply in support of the motion to quash. (Doc. 48 at 9). On March 29, 2016, Defendant and its counsel were served with a subpoena and deposition of written questions requesting documents and information relating to the U.S. Department of Labor's 2014 audit that included a review of Plaintiffs' eligibility for overtime compensation under the FLSA. (Doc. 35 at 2). Because Plaintiffs did not give Defendant or its counsel any pre-service notice of the subpoena and thus deprived Defendant of a fair opportunity to present its interests resulting in prejudice, the Court granted Defendant's motion to quash. (*Id.* at 4).

The Court concludes that Plaintiffs cannot recover their attorney's fees in connection with serving this improper subpoena or reviewing and responding to Defendant's motion to quash since Plaintiffs' inappropriate conduct necessitated the filing of this motion. As such, the Court shall eliminate the following charges: $240.00 recorded in entry 92; $2,600.00 recorded in entry 110; $1,280.00 recorded in entry 115; and $1,770.00 recorded in entry 120. Furthermore, the Court finds that Plaintiffs' preparation of the motion for contempt prior to the Court's ruling on the Motion to Quash was premature. Therefore, the Court eliminates the $1,240.00 charge in entry 124 and the $440.00 charge in entry 128. (Doc. 48 at 9). However, the Court disagrees with Defendant that

Plaintiffs overstaffed the case. Therefore, Defendant's request to deduct attorney's fees charged for an additional attorney traveling to and attending mediation shall be denied.

In sum, the Court concludes that the amount of hours billed is unreasonably high due to a lack of billing judgment in that Plaintiffs failed to write off unproductive, excessive, or redundant charges in the amount of $10,850.00. *Saizan*, 448 F.3d at 799. Accordingly, a reduction in recoverable hours by 10% is necessary to arrive at the number of hours reasonably spent on this case. At the hourly rates determined *supra*, the lodestar fee is **$69,502.50**. Therefore, Plaintiffs' request for attorney's fees shall be **GRANTED** in part and **DENIED** in part. (Doc. 45).

### C. *Johnson* Adjustments

The Court finds that no additional increases or reductions are necessary based on *Johnson* factors that the Court has not already taken into account in adjusting the lodestar.

### D. Costs

Plaintiffs submitted $3,941.58 in recoverable costs, and Defendant raises no objections. Accordingly, Plaintiffs' request for **$3,941.58** in undisputed costs shall be **GRANTED**.

### IV. CONCLUSION

For the reasons explained above, Plaintiffs' Application for Award of Attorney's Fees, Costs and Expenses (Doc. 45) is hereby **GRANTED** in part and **DENIED** in part. Attorney's fees are awarded in the amount of **$69,502.50**. Costs in the amount of **$3,941.58** are also awarded.

It is so **ORDERED**.

SIGNED this ___10___ day of ___August___, 2016.

ROBERT A. JUNELL
Senior United States District Judge